O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AUSTIN LOEUNG, | ) | Case No. CV 09-8960 RNB |
| Plaintiff, | ) | |
| vs. | ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation.[1]

To the extent that the Commissioner appears to be contending that the law of the case and rule of mandate doctrines do not apply in a social security case, the Court disagrees. As the Supreme Court observed in Sullivan v. Hudson, 490 U.S. 877, 109

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

S. Ct. 2248, 104 L. Ed. 2d 941 (1989)[2]:

> "Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. . . . Often, complex legal issues are involved, including classification of the claimant's alleged disability or his or her prior work experience within the Secretary's guidelines or 'grids' used for determining claimant disability. . . . Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." Id. at 885-86 (internal citations omitted).

See also, e.g., Gallagher v. Astrue, 2009 WL 57033, *3-*5 (C.D. Cal. Jan. 6, 2009); Coto v. Astrue, 2008 WL 4642965, *4-*7 (C.D. Cal. Oct. 20, 2008); Ischay v. Barnhart, 383 F. Supp. 2d 1199, 1213-23 (C.D. Cal. 2005); Ruiz v. Apfel, 24 F. Supp. 2d 1045, 1050 (C.D. Cal. 1998).

Because the Court has had the issue come up before of whether the ALJ exceeded the scope of the Court's remand order, it is the Court's general practice, when in conjunction with a decision on the merits it reverses and remands for further administrative proceedings, to include the following statement in its remand order (usually by way of a footnote): "It is not the Court's intent to limit the scope of the remand." When the Court does not include the foregoing statement in its remand order, it is because the Court's intent is to remand for the limited purpose of remedying the specific defect(s) in the ALJ's decision necessitating the reversal.

---

[2] Like the instant case, Hudson involved a sentence four remand. See Shalala v. Schaefer, 509 U.S. 292, 298, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

Here, the Court did not include the foregoing statement in its order reversing and remanding because the Court's intent was to limit the scope of the remand to the one defect necessitating the reversal. The Court was remanding for the limited purpose of the ALJ positing a hypothetical to the vocational expert ("VE") that included all the limitations that the ALJ had found to exist, and specifically the restriction from work involving "exposure to dusts, fumes, and biological and chemical hazards." The remand order also contemplated that, if the VE testified that the foregoing restriction prevented plaintiff from performing his past relevant work, the Commissioner still might be able to satisfy his Step Five burden with VE testimony that other types of work in the national economy existed that plaintiff remained capable of performing. If the Court had intended to remand for the purpose of enabling the ALJ to "clarify" his residual functional capacity ("RFC") assessment by changing it to match a hypothetical already posited to the VE, the Court would have so stated.[3]

The Ninth Circuit has identified five circumstances in which the law of the case doctrine, and by analogy the rule of mandate doctrine, need not be applied: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. See United

---

[3] Contrary to the Commissioner's contention, the Court does not construe 20 C.F.R. § 416.1483 as abrogating the law of the case and rule of the mandate doctrines. Moreover, pursuant to 20 C.F.R. § 416.1477, the only additional action an ALJ may take in a case remanded to the ALJ by the Appeals Council is "any additional action that is not inconsistent with the Appeals Council's remand order. In the instant case, the Appeals Council's remand order stated that the case was being remanded "for further proceedings consistent with the order of the court." (See AR 334.) Thus, to the extent that the ALJ exceeded the scope of this Court's remand order, he also exceeded the scope of the Appeal's Council's remand order, in contravention of the Commissioner's regulations.

States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997); Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.), cert. denied, 508 U.S. 951 (1993); Coto, 2008 WL 4642965 at *8; Ischay, 383 F. Supp. 2d at 1219-20. None of the requisite conditions exists here. The ALJ's prior RFC assessment was not clearly erroneous. There was no intervening change in the law. The medical evidence on remand was the same. There are no other changed circumstances apparent to the Court that would be relevant to the application of the law of the case and rule of mandate doctrines. Finally, no manifest injustice will result from the application of these doctrines under the circumstances presented.

Accordingly, the Court concurs with plaintiff that the ALJ erred when he purported to "clarify" his prior RFC assessment because, in doing so, he was exceeding the scope of the Court's remand order.[4]

Nevertheless, the Court has concluded that reversal is not warranted in this instance for the reason discussed hereafter.

Although the Commissioner referenced three of the hypotheticals posited by the ALJ to the VE at the hearing on remand, the record reflects that the ALJ actually posited four hypotheticals to the VE. The first hypothetical was "a person of the same age, education and prior work experience as [plaintiff]" who "could lift and carry 50 pounds occasionally, 25 pounds frequently, can walk six hours in an eight hour day

---

[4] Indeed, if the ALJ originally had made the same RFC assessment that the ALJ purported to make on remand and plaintiff had challenged that RFC assessment, the Court would have been compelled to reverse and remand because (a) the restriction from work involving "**concentrated** exposure to dusts, fumes, biological or chemical hazards" was not supported by the substantial evidence of record since the opinion of the consultative examiner that the ALJ had stated he was accepting and adopting (see AR 30) never used the word "concentrated" (see AR 190), and (b) the ALJ's duty to fully and fairly develop the record encompassed the duty to follow up with the consultative examiner before assuming that the consultative examiner meant **concentrated** exposure when he opined that plaintiff "should avoid being exposed to dusts, fumes, biological and chemical hazards."

or sit six hours in an eight hour day and should avoid exposure to dust, fumes and pollutants." In response to the ALJ's question whether such a hypothetical person could perform any of plaintiff's past work, the VE testified that such a hypothetical person could perform plaintiff's past work as a bagger, but not plaintiff's past work as an engine cleaner. (See AR 378.)

For the second hypothetical, the ALJ instructed the VE to assume the same limitations as the first hypothetical, and added the limitation that "the hypothetical person should avoid exposure to a [sic] biological and chemical hazards." In response to the ALJ's question whether such a hypothetical person could perform any of plaintiff's past work, the VE testified that such a hypothetical person also could perform plaintiff's past relevant work as a bagger, but not plaintiff's past relevant work as an engine cleaner. (See AR 378.)

For the third hypothetical, the ALJ instructed the VE to assume the same limitations as the second hypothetical, and added the limitation that "the hypothetical person should avoid all contact with dust, fumes, pollutants, biological, or chemical hazards." Again, the ALJ asked whether such a hypothetical person could perform any of plaintiff's past work. This time the VE responded in the negative. (See AR 379.)

The ALJ then posed a fourth hypothetical. He instructed the VE to "assume the same limitations of the second hypothetical, not the third, and add that the hypothetical person is moderately limited in their ability to maintain attention and concentration for extended periods of time." In response to the ALJ's question whether such a hypothetical person could perform any of plaintiff's past work, the VE testified: "Well, moderate really isn't the definition of anything, but using the Social Security's definition affecting but not precluding, then I would have to say yes, that

5

the person could do the past work as a bagger." (See AR 380.)[5]

Only the fourth hypothetical comported with (a) the consultative examiner's opinion, (b) the ALJ's original RFC assessment, and (c) the Court's remand order. Based on the VE's response to the fourth hypothetical, the Court finds and concludes that the ALJ's error in exceeding the scope of the Court's remand order was harmless. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: August 20, 2010

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court does not construe the VE's response to plaintiff's counsel's follow-up question on cross-examination as directed to the fourth hypothetical, because the VE's answer ("My response to that was I did not believe that was possible") related to the answer given by the VE in response to the third hypothetical, not the answer given by the VE in response to the second and fourth hypotheticals.